# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAHAL NETIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 19-cv-00200 (APM) |
| | ) |
| SUN WEST MORTGAGE COMPANY, et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Plaintiff Mahal Netis claims to be the duly elected Chief of Tonkawa of Texas Tribe. As best the court can discern from her 92-page Complaint, Plaintiff claims that property located at 8525 Reggio Street, Round Rock, Texas 78655, is "restricted tribal land" that Defendants conspired to illegally foreclose and from which they evicted Plaintiff. *See generally* Compl., ECF No. 1. Before the court are a battery of motions, including motions to dismiss the Complaint. After a full and complete review of the record, the court grants all of Defendants' motions and denies all of Plaintiff's motions.

First, the court dismisses this matter for lack of venue. None of the basis for venue under 28 U.S.C. § 1391(b) is applicable, as the property at issue and all alleged events occurred in Texas. It is not in the interest of justice to transfer this matter to a proper venue. *See* 28 U.S.C. § 1404(a).

Second, the court lacks personal jurisdiction over all Defendants. The court lacks general jurisdiction over any Defendant, *see* D.C. Code § 13-422, as no Defendant is a resident of the District of Columbia or incorporated or maintains its principal place of business in the District of

Columbia.  Likewise, no basis under the D.C. long-arm statute, D.C. Code § 13-423, applies to obtain specific jurisdiction.

Finally, Plaintiff's Complaint is dismissed under Federal Rule of Civil Procedure 8(a) for failure to make a "short and plain" statement of a claim for which relief can be granted.  The court cannot tell from Plaintiff's pleading what claims are brought against which parties.  Moreover, for the reasons stated in the various Motions to Dismiss, Plaintiff has not pleaded a plausible claim for relief against any of them.

For the foregoing reasons, the court grants the following pending motions:

1. Williamson County Defendant's Motion to Dismiss, ECF No. 15;

2. Servicelink Default Abstract Solutions and Chris Azur's Motion to Dismiss, ECF No. 18;

3. Codilis Defendants' and Angela Zavala's Motion to Dismiss, ECF No. 42;

4. Sun West Defendants' Motion to Vacate, ECF No. 51;

5. Sun West Defendants' Motion to Dismiss, ECF No. 52; and,

6. Williamson County Defendants' Motion to Strike, ECF No. 66.

The court denies the following motions filed by Plaintiff:

1. Motion to Vacate Judgment, ECF No. 2;

2. Motion to Vacate Foreclosure, ECF No. 3;

3. Motion to Cease and Desist All Claims, ECF No. 4;

4. Motion for CM/ECF Password, ECF No. 5;

5. Motion for Permission to Use P.O. Box, ECF No. 6;

6. Motion for Default Judgment, ECF No. 47;

7. Motion for Default Judgment, ECF No. 48;

8. Motion to Order Defendants to Answer, ECF No. 69

9.  Motion for CM/ECF Password, ECF No. 70;

10. Motion for Scheduling Order, ECF No. 71;

11. Motion for Repatriation of Alienated Tribal Lands, ECF No. 72; and,

12. Motion for Extension of Time, ECF No. 42.

A separate final order accompanies this Memorandum Opinion.

Dated:  May 17, 2019

Amit P. Mehta
United States CourtDistrict Judge

3